UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 25-cv-20609-BLOOM/Elfenbein**

PLUGINZ KEYCHAINS LLC AND
MIKE STRICKLIN,

      Plaintiffs,

 v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

      Defendants.

_____/

## ORDER ON RENEWED MOTION
## FOR ENTRY OF FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon the Plaintiffs', Pluginz Keychains LLC and Mike Stricklin ("Plaintiffs"), Renewed Motion for Final Default Judgment ("Renewed Motion"), filed on June 17, 2025. ECF No. [69].

Plaintiffs filed their Motion for Clerk's Entry of Default on April 22, 2025, against Defaulting Defendants in this matter, ECF No. [47]. A Clerk's Default was entered against said Defendants on April 28, 2025, ECF No. [48], as Defendants failed to appear, answer, or otherwise timely respond to the Complaint, despite having been served. Plaintiffs filed their original Motion for Entry of Final Default Judgment on May 28, 2025, ECF No. [66]. The Court denied Plaintiffs' original Motion with leave to file a renewed Motion for Final Default Judgment by June 17, 2025. ECF No. [67]. Plaintiffs now seek entry of default judgment again against the Defendants identified in the attached Schedule A ("Defaulting Defendants"). The Court has carefully considered the Renewed Motion, the record in this case, the applicable law, and is otherwise fully

advised. For the following reasons, Plaintiffs' Renewed Motion is granted.

## I.    INTRODUCTION

Plaintiffs sued Defendants for trademark counterfeiting and infringement under the Lanham Act, 15 U.S.C. §§ 1114 *et seq*., and design patent infringement pursuant to 35 U.S.C. § 271 *et seq*. Plaintiffs are the owners and lawful assignees of all rights, title, and interest in and to several trademarks covered by U.S. Trademark Registration Nos. 5,312,729, 5,370,972, and 5,370,973 (the "PLUGINZ KEYCHAINS Trademarks"), and PLUGINZ KEYCHAINS Patent covered by U.S. Patent No. D745,262S (the "PLUGINZ KEYCHAINS Trademarks and Patent"). The Complaint alleges that Defendants are improperly advertising, marketing, and/or selling unauthorized and noncompliant products by reference to marks identical or substantially identical to the PLUGINZ KEYCHAINS Trademarks and/or that embody the design(s) depicted in the PLUGINZ KEYCHAINS Patent (the "Counterfeit Products") into the Southern District of Florida, by operating the Defendants' Internet-based e-commerce stores operating under each of the seller identities identified on the Schedule A attached to this Order (the "Defendant Internet Stores").

Plaintiffs further assert that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiffs because Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the Counterfeit Products as well as the loss of sales stemming from the infringing acts.

In their Renewed Motion, Plaintiffs seek the entry of default final judgment against the Defaulting Defendants for trademark counterfeiting and infringement and design patent infringement. Plaintiffs further request that the Court (1) enjoin the Defaulting Defendants' unlawful use of Plaintiffs' Trademarks and/or Patent; (2) award Plaintiffs damages; and (3)

instruct any third-party financial institutions in possession of any funds restrained or held on behalf of the Defaulting Defendants to transfer these funds to Plaintiffs in partial satisfaction of the award of damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu,* 515 F.2d at 1206. Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.*; *see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default …"). Upon a review of Plaintiffs' submissions, there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiffs.

## II.    FACTUAL BACKGROUND[1]

Plaintiffs are the owners and lawful assignees of all right, title, and interest in and to the PLUGINZ KEYCHAINS Trademarks and Patent, which were duly and legally issued by the United States Patent and Trademark Office. *See* ECF Nos. [1-1] and [1-2]. PLUGINZ KEYCHAINS Products, which bear and/or embody the PLUGINZ KEYCHAINS Trademarks and/or Patent, are known for their innovative design and superior quality. As a result, the

---

[1] The factual background is taken from Plaintiffs' Complaint, ECF No. [1], Plaintiffs' Renewed Motion for Entry of Final Default Judgment, ECF No. [69], and supporting evidentiary submissions.

PLUGINZ KEYCHAINS Products are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiffs. *See* Declaration of Mike Stricklin in Support of Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, Including a Temporary Injunction, a Temporary Transfer of the Defendant Internet Stores, a Temporary Asset Restraint, and Expedited Discovery ("Stricklin Decl."), ECF No. [12] ¶ 7.

The Defaulting Defendants, through the various Internet-based e-commerce stores operating under each of the Defendant Internet Stores identified on the Schedule A to this Order have advertised, promoted, offered for sale, sold, and/or imported products that appear to be genuine PLUGINZ KEYCHAINS Products, but which are actually inferior and unauthorized imitations of the PLUGINZ KEYCHAINS Products. *See* Stricklin Decl., ¶¶ 8-9.

Plaintiffs have submitted sufficient evidence showing each Defaulting Defendant has infringed, at least, one or more of the claims in the PLUGINZ KEYCHAINS Trademarks and/or Patent. *See* Stricklin Decl., ¶¶ 9-15; *see also* Exhibit 1[2] to Declaration of Leigh Salomon in Support of Plaintiffs' Renewed Motion for Entry of Final Default Judgment ("Salomon Decl."). The Defaulting Defendants are not now, nor have they ever been, authorized or licensed to use the PLUGINZ KEYCHAINS Trademarks and/or Patent. *See* Stricklin Decl., ¶ 17.

As part of their ongoing investigation regarding the sale of Counterfeit Products, Plaintiffs hired a third-party investigator to access the Defaulting Defendants' Internet based e-commerce stores operating under each of the Defendant Internet Stores. The third-party investigator initiated, or attempted to initiate, orders from each of the Defendant Internet Stores for the purchase of various products, all infringing, or suspected of infringing, the PLUGINZ KEYCHAINS

---

[2] Evidence of each Defaulting Defendant's infringement is attached as Exhibit 1 to the Declaration of Leigh Salomon in Support of Plaintiffs' Renewed Motion for Entry of Final Default Judgment.

Trademarks and/or Patent, and requested each product to be shipped to an address in the Southern District of Florida. Accordingly, Defendants' Counterfeit Products are being promoted, advertised, offered for sale, sold, and/or imported by Defendants within this district and throughout the United States. *See* Stricklin Decl., ¶¶ 12-14. A representative for Plaintiffs personally analyzed the infringing items wherein orders were initiated via each of the Defendant Internet Stores by reviewing the e-commerce stores operating under each of the Defendant Internet Stores, or the detailed webpage captures and images of the items bearing and/or embodying the PLUGINZ KEYCHAINS Trademarks and/or Patent, and concluded the products were non-genuine, unauthorized PLUGINZ KEYCHAINS Products. *See id.*

### III.    ANALYSIS

#### A.    Jurisdiction Over Plaintiffs' Claims

This Court has original subject matter jurisdiction over the trademark infringement claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq*., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. This Court has original subject matter jurisdiction over the patent infringement claims arising under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq*., 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331. Personal jurisdiction exists over Defendants in this Judicial District pursuant to Florida Statutes §§ 48.193(1)(a)(1)-(2) and 48.193(1)(a)(6), or in the alternative, Fed. R. Civ. P. 4(k) because, upon information and belief, Defendants regularly conduct, transact, and/or solicit business in Florida and in this Judicial District, and/or derive substantial revenue from business transactions in Florida and in this Judicial District and/or otherwise avail themselves of the privileges and protections of the laws of the State of Florida such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice, and/or Defendants' illegal counterfeiting and infringing actions

caused injury to Plaintiffs in Florida and in this Judicial District such that Defendants should reasonably expect such actions to have consequences in Florida and this judicial District. *See* ECF No. [1] ¶¶ 11-13.

### B. Liability

### 1.   Trademark Counterfeiting and Infringement Under the Lanham Act (15 U.S.C. § 1114)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on their trademark infringement claim under Section 32 of the Lanham Act, Plaintiffs must demonstrate that (1) they had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same or confusingly similar to the Plaintiff's trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

The well-pled factual allegations of Plaintiffs' Complaint properly allege the elements for each of the claims described above. *See* ECF No. [1]. Moreover, the factual allegations in Plaintiffs' Complaint have been substantiated by sworn declarations and other evidence and establish liability for 35 of the Defaulting Defendants under each of the claims asserted in the Complaint. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### 2.   Design Patent Infringement Pursuant to 35 U.S.C. § 289

Plaintiffs have established a substantial likelihood of success on the merits for their design

patent infringement claim. To prevail on their patent infringement claim, Plaintiffs must demonstrate that the accused product infringes a patented design. Design patent infringement requires a showing that the accused design is substantially the same as the claimed design. The criterion is deception of the ordinary observer, such that one design would be confused with the other. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F. 3d 665, 679 (Fed. Cir. 2008). Under this test, the central inquiry is whether an "ordinary observer," who is familiar with the prior art, would find the overall appearance of the accused product to be "substantially the same" as the overall appearance of the patented design. *Id*. at 677; *see also Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F .3d 1365, 1372 (Fed. Cir. 2006); *Pride Fam. Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1224 (S.D. Fla. 2014) (citing *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871) ("If to the ordinary observer the resemblance between the two designs is such as to deceive the observer, inducing him to purchase one supposing it to be the other, then the first one patented is infringed by the other."). An infringing product need not be an exact copy of the patented design, and Defendants cannot escape infringement by introducing minor variations into an otherwise copycat product. *Egyptian Goddess*, 543 F. 3d at 670.

Plaintiffs are the inventors and owners of the PLUGINZ KEYCHAINS Patent, and the Defaulting Defendants have, without authorization, used and offered for sale Plaintiffs' PLUGINZ KEYCHAINS Patent. The well-pled factual allegations of Plaintiffs' Complaint, including the specific allegations identified in the previous paragraphs, properly allege the elements for design patent infringement. Moreover, the factual allegations in Plaintiffs' Complaint, substantiated by the evidence submitted, conclusively establish liability for all 83 of the Defaulting Defendants for design patent infringement asserted in the Complaint.

### C.      Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defaulting Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

A district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. "[I]n a default judgment setting, injunctive relief is available. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction." *Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CIV-62620, 2015 WL 11198010, at *2 (S.D. Fla. Apr. 8, 2015); *see also Jackson v. Sturkie*, 255 F. Supp. 2d. 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). A court's analysis of these factors "proceeds with an eye to the 'long tradition of equity practice' granting 'injunctive relief upon a finding of infringement in the vast majority of patent cases.'" *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1362 (Fed. Cir. 2012) (citation omitted). Indeed, "[a]bsent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with the infringement." *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012) *cert. denied*, 571 U.S. 820 (2013).

Plaintiffs have carried their burden on each of the four factors, rendering permanent injunctive relief appropriate. First, Plaintiffs are irreparably harmed. As alleged and supported by the declarations previously submitted, Defendants' acts of infringement have eroded Plaintiffs' market for the PLUGINZ KEYCHAINS line of products and impacted Plaintiffs' goodwill. *See* Stricklin Decl., ¶¶ 27-32. Indeed, the Defendants' Counterfeit Products have weakened PLUGINZ KEYCHAINS's credibility and reputation, resulting in a loss of unquantifiable future sales. *Id.*, ¶¶ 27-29. Moreover, the Counterfeit Products are in direct competition with PLUGINZ KEYCHAINS Products. As a result, Plaintiffs' market position is being irreparably damaged by Defendants' continued infringement. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude.").

The second factor favors a permanent injunction as well. Because Defaulting Defendants have failed to timely appear, Plaintiffs does not have the ability to discover the full extent of monetary damages they could recover from Defaulting Defendants to compensate them for Defaulting Defendants' infringement. Thus, there is no adequate remedy at law. *Enpat, Inc. v. Budnic*, No. 6:11-cv-86, 2011 WL 1196420, at *4 (M.D. Fla. Mar. 29, 2011) (defendant's refusal to appear in the case "reinforces the inadequacy of a remedy at law and the irreparability of the harm absent an injunction"). Additionally, Plaintiffs have no adequate remedy at law so long as Defaulting Defendants continue to use the PLUGINZ KEYCHAINS Trademarks and Patent in connection with the operation of the e-commerce stores under the Defendant Internet Stores because Plaintiffs will have no control of the quality of the goods that could be associated with PLUGINZ KEYCHAINS Products. An award of money damages alone will not cure the injury to Plaintiffs' reputation and goodwill which will result if Defendants' infringing actions are allowed to continue.

The third factor—the balance of harm—also weighs in Plaintiffs' favor and warrants the equitable remedy of a permanent injunction. Plaintiffs have a significant interest in enforcing their trademark and patent rights and in fact spend significant resources protecting and enforcing their intellectual property. Stricklin Decl., ¶¶ 8, 11, 26. Enjoining Defaulting Defendants is critical to prevent hardship to Plaintiffs from loss of sales and/or injury to Plaintiffs' reputation and goodwill. By contrast, Defaulting Defendants face no hardship if they are prohibited from the infringement of Plaintiffs' Trademarks and Patent, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defaulting Defendants to prevent consumers from being misled by Defaulting Defendants' counterfeit products. *See Nike, Inc. v. Leslie*, No. 85-cv-960, 1985 WL 5251, at *1 (M.D. Fla. June

24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co*., 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defaulting Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiffs' rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defaulting Defendants will be free to continue infringing Plaintiffs' intellectual property with impunity and will continue to defraud the public with their illegal activities. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defaulting Defendants are conducting their unlawful activities.

### D.   Damages for Trademark Infringement and Counterfeiting

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of products, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good or service. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good or

service. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiffs have elected to recover an award of statutory damages as to Count I of the Complaint. A table denoting the 35 Defaulting Defendants Plaintiffs identified as infringing Plaintiffs' Trademarks, for whom Plaintiffs accordingly seek statutory damages, is attached as Exhibit 2 to the Salomon Declaration.

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-cv-62809, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (*citing Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*, No. 96-cv-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.,* S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-cv-22020, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment in regard to damages pursuant

to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

A defendant's intent can be of probative value for establishing willfulness, triggering an enhanced damages award. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220. A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. *See Arista Records, Inc. v. Beker Enter., Inc.,* 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Willfulness may also be inferred from the defendant's default. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

Here, the allegations in the Complaint, which are taken as true, clearly establish that Defaulting Defendants intentionally copied the PLUGINZ KEYCHAINS Trademarks for the purpose of deriving the benefit of Plaintiffs' world-famous reputation. As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of service as statutory damages to ensure that Defaulting Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that at least 35 Defaulting Defendants sold, promoted, distributed, advertised, and/or offered for sale products bearing marks that were in fact counterfeits of the PLUGINZ KEYCHAINS Trademarks. *See* ECF No. [1]. In cases involving the

same merits, issues, and requests for damages, courts in this district have found similar evidence of record sufficient to establish a defendant's infringement and have entered a final default judgment and permanent injunction accordingly. *See, e.g.*, *Fendi S.R.L.. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 20-cv-61724 (S.D. Fla. Dec. 22, 2020, docketed Dec. 23, 2020). Based on the above considerations, Plaintiffs argue the Court should award statutory damages of $200,000.00 against each Defaulting Defendant for whom Plaintiffs have alleged a trademark claim in respect of the PLUGINZ KEYCHAINS Trademarks.[3] This award should be sufficient to deter Defaulting Defendants and others from continuing to counterfeit or otherwise infringe Plaintiffs' Trademarks, compensate Plaintiffs, and punish Defaulting Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.

### E.      Damages for Design Patent Infringement

Plaintiffs' Complaint sets forth a cause of action for design patent infringement pursuant to the Patent Act, 35 U.S.C. § 271, 35 U.S.C. § 289, and 35 U.S.C. § 284. Plaintiffs provided as an exhibit a table calculating damages for each Defaulting Defendant who infringed Plaintiffs' Design Patent. This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc.*, 2007 WL 3047143, at *1. Although the Court is permitted to conduct a hearing on damages pursuant to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See Smyth*, 420 F.3d

---

[3] With respect to trademark infringement, Plaintiffs seek statutory damages in connection with 35 Defaulting Defendants.

at 1232 n.13 ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). Here, there is no hearing necessary, as Plaintiffs' affidavit provides sufficient evidence on the record to support Plaintiffs' request for damages.

**Statutory Damages.** As an additional remedy for design patent infringement, the Patent Act imposes liability on infringers of design patents "to the extent of his total profit, but not less than $250." 35 U.S.C. § 289. To the extent that the Defaulting Defendants' known total profits were less than $250 in connection with the sale of products that infringe on the Design Patent, Plaintiffs seek $250, trebled to $750, for the willful infringement of the Design Patent.[4]

**Lost Profits.** Under 35 U.S.C. § 284, design patent or utility patent infringers may be liable for lost profits or a reasonable royalty. Where Plaintiffs are not seeking statutory damages, to the extent that the Defaulting Defendants' total profits exceeded $250, Plaintiffs seek lost profits, trebled for the willful infringement of the Design Patent.[5]

The Patent Act provides that "[u]pon finding for the claimant, the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. These damages may be increased "up to three times the amount found or assessed." *Id.*; *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 579 U.S. 93, 103 (2016). There is no "rigid formula" for awarding enhanced damages; a court has "discretion in meting out enhanced damages." *Halo,* 579 U.S. at 107. In determining damages for patent infringement, "the focus is on compensating the patentee

---

[4] With respect to design patent infringement, Plaintiffs seek statutory damages in connection with 77 Defaulting Defendants.
[5] With respect to design patent infringement, Plaintiff seeks lost profits in connection with six Defaulting Defendants.

or the plaintiff for this injury." *IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1361 (S.D. Fla. 2010). "[T]he general rule for determining actual damages to a patentee that is itself producing the patented item is to determine the sales and profits lost to the patentee because of the infringement." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995). Pursuant to 35 U.S.C. § 284, Plaintiffs seek to recover an award of lost profits, trebled for willful infringement.

Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 580 U.S. 53, 59 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Evriholder Prods. LLC v. Simply LBS Ltd. Co.*, No. 17-cv-4329, 2020 WL 7060336, at *9 (S.D.N.Y. Apr. 21, 2020) ("[A]fter a plaintiff in a patent action submits admissible evidence of an infringer's gross profit … it is the infringer's burden to submit admissible evidence to establish that other expenses and costs should be deducted from that profit.") (citing *Nordock, Inc. v. Sys., Inc.*, No. 11-cv-118, 2017 WL 5633114, at *3 (E.D. Wisc. Nov. 21, 2017) (collecting cases)). The defendant then has the burden to produce evidence as to any deductions from the total profit identified by the plaintiff (or to show the article of manufacture, if it believes it to be different). *Evriholder*, 2020 WL 706036, at *9.

When calculating an infringer's profits, courts have held in similar contexts that any uncertainty is to be resolved against the infringer. *See, e.g.*, *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 US. 203, 206-07 (1942) ("The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner"). For example, "[t]he Second Circuit instructs that in determining infringement damages, courts are to resolve against

the defendant any factual uncertainties, such as whether any portion of the defendants' revenue may be deducted from damages, when the defendants left the uncertainty by not responding to the evidence of counterfeit sales with evidence of their own," as is the case here. *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 169 (S.D.N.Y. 1999) (citing *Lous Vouitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966 (2d Cir. 1985) (holding that where defendants failed to meet their burden regarding profit calculation, court could adopt plaintiff's proposed calculation); *see also Chloe v. Zarafshan*, No. 06-cv-3140, 2009 WL 2956827, at *5 (S.D.N.Y. Sept. 15, 2009) (awarding infringer's entire revenue and noting that "the court may resolve any doubts against the defendant in calculating profits, particularly if the uncertainty is due to the defendant's inadequate record keeping or failure to produce documentary evidence") (quoting *Aris Isotoner, Inc. v. Dong Jin Trading Co., Inc.*, No. 87-cv-890, 1989 WL 236526, at *5 (S.D.N.Y. Sept. 22, 1989) (collecting cases)).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See, e.g., Chloe*, 2009 WL 2956827 at *5 (entering profits award for the entire revenue amount even though "records offer no guidance as to how much of this revenue stream related to [Plaintiffs'] products (as opposed to other products not at issue in this case) or as to the costs incurred in acquiring and selling these products."); *New York Racing Ass'n, Inc. v. Stroup News Agency Corp.*, 920 F. Supp. 295, 301 (N.D.N.Y. 1996) (calculating lost profits based on gross figures where defendant offered no evidence of cost of goods sold) (citing *Am. Honda Motor Co. v. Two Wheel Corp.*, 918 F.2d 1060, 1063 (2d Cir. 1990) ("Ordinarily, a plaintiff that has proved the amount of infringing sales would be entitled to that amount unless the defendant adequately proved the amount of costs to be deducted from it.")); *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008)

(placing burden on defendant to show that certain portions of its revenues were not obtained through infringement of plaintiff's marks).

Indeed, under normal circumstances, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd.*, 311 B.R. 378, 401 (S.D.N.Y. 2004), *aff'd*, 153 F. App'x 703 (Fed. Cir. 2005) (citation omitted). "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determined profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Here, the Design Patent claims an ornamental designs for a keychain. In the case of a design for a single-component product, such as the Design Patent, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 580 u.s. AT 55. Accordingly, the relevant article of manufacture is each of the Counterfeit Products sold by Defaulting Defendants.

A defendant's intent can be of probative value for establishing willfulness, triggering an enhanced damages award. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220. A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. *See Arista Records, Inc. v. Beker Enter., Inc.,* 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Willfulness may also be inferred from the defendant's default. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiffs have limited available information, received from the Third-Party Providers, regarding Defaulting Defendants' profits from the sale of Counterfeit Products. Defaulting Defendants' default warrants an inference of willfulness. *See Mentor Grp., LLC v. Wu*, Case No. 09-cv-874, 2010 WL 2363511, at *3 (M.D. Fla. May 19, 2010) ("By failing to answer the Complaint, [d]efendant is deemed to have admitted that he deliberately and willfully infringed the Patents."); *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004) ("[T]he Court may infer willfulness from [defendant's] default."). Despite having been properly served, Defaulting Defendants have made no attempt to defend themselves against Plaintiffs' allegations of willfulness. *See* Compl., ¶¶ 50-51. Instead, Defaulting Defendants have elected to admit these allegations by failing to respond to the Complaint and allowing for the entry of Clerk's Default. *See* ECF No. [48].

Furthermore, Defaulting Defendants have not produced any documents or information (1) characterizing each of the transactions in their financial accounts, (2) other accepted payment methods; or (3) other Internet stores that they may be operating. As a result, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and not-infringing product sales, or to show any deductions. Since the Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court awards damages in the form of lost profits, trebled for willful infringement, based on the Gross Merchant Value ("GMV") provided by some of the marketplace platforms, which is the sales prices of the infringing goods multiplied by the number of infringing goods sold. The limited information provided by the Third-Party Providers for Defaulting Defendants indicates that those amounts, where reported, range from $0.00 to $13,264.47. Salomon Decl., ¶ 2. A breakdown of the GMV by Defaulting Defendant and

Case No. 25-cv-20609-BLOOM/Elfenbein

the corresponding profit award is provided in the chart in the attached Exhibit 2 to the Salomon Decl. *Id.*, ¶ 2.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' Renewed Motion, **ECF No. [69],** is **GRANTED** against those Defaulting Defendants listed in the attached Schedule A. Final Default Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 11, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

Guy Shimron
9 Golomb st Kefar Sava 4435709
Israel
PRO SE

**SCHEDULE A**

| DOE | Defendant Seller Name | Defendant Marketplace |
|---|---|---|
| 1 | CBK1688 Store | https://www.aliexpress.com/store/1103837713 |
| 2 | ECOHOUSE Store | https://www.aliexpress.com/store/1101959710 |
| 3 | ICERAY DMX512 Official Store Store | https://www.aliexpress.com/store/1103011240 |
| 4 | Jason Star Store | https://www.aliexpress.com/store/1103180356 |
| 5 | JUSHANG Store Store | https://www.aliexpress.com/store/1103322468 |
| 6 | Kitchenware Helper Store | https://www.aliexpress.com/store/1101754683 |
| 7 | Mold Official Store | https://www.aliexpress.com/store/1102884601 |
| 8 | Shop1102212642 Store | https://www.aliexpress.com/store/1102208643 |
| 9 | Shop1103525157 Store | https://www.aliexpress.com/store/1103538026 |
| 10 | Shop1103771128 Store | https://www.aliexpress.com/store/1103771128 |
| 11 | Shop1103839437 Store | https://www.aliexpress.com/store/1103842466 |
| 12 | Shop1104048046 Store | https://www.aliexpress.com/store/1104046039 |
| 13 | Shop1104166335 Store | https://www.aliexpress.com/store/1104152387 |
| 14 | Shop1104205742 Store | https://www.aliexpress.com/store/1104214690 |
| 15 | Shop1104207043 Store | https://www.aliexpress.com/store/1104211042 |
| 16 | Shop1104212590 Store | https://www.aliexpress.com/store/1104213608 |
| 17 | Shop1104215657 Store | https://www.aliexpress.com/store/1104217320 |
| 18 | Shop1104217629 Store | https://www.aliexpress.com/store/1104229009 |
| 19 | Shop1104262217 Store | https://www.aliexpress.com/store/1104262218 |
| 20 | Shop1104271858 Store | https://www.aliexpress.com/store/1104277869 |
| 21 | Shop911227083 Store | https://www.aliexpress.com/store/1101589191 |
| 24 | XiaoYan Liang | https://www.amazon.com/sp?seller=A19LIAN6TBUJ47 |
| 25 | ZhaoYUMENG | https://www.amazon.com/sp?seller=AKWD7WKNDPMER |
| 26 | a674 | https://www.dhgate.com/store/about-us/21819289.html |
| 27 | abfl | https://www.dhgate.com/store/about-us/21748718.html |
| 28 | aiyueele10 | https://www.dhgate.com/store/about-us/21750230.html |
| 29 | cpqp | https://www.dhgate.com/store/about-us/21818709.html |
| 30 | d1fs | https://www.dhgate.com/store/about-us/21819758.html |
| 31 | dold | https://www.dhgate.com/store/about-us/21818386.html |
| 32 | dpfa | https://www.dhgate.com/store/about-us/21819362.html |
| 33 | e80c | https://www.dhgate.com/store/about-us/21818141.html |
| 34 | eerj | https://www.dhgate.com/store/about-us/21819081.html |
| 35 | fzcte4 | https://www.dhgate.com/store/about-us/21751131.html |
| 36 | hjek | https://www.dhgate.com/store/about-us/21819752.html |

Case No. 25-cv-20609-BLOOM/Elfenbein

| DOE | Defendant Seller Name | Defendant Marketplace |
|---|---|---|
| 37 | kttv | https://www.dhgate.com/store/about-us/21818478.html |
| 38 | nanna11 | https://www.dhgate.com/store/about-us/21815071.html |
| 39 | spenceri | https://www.dhgate.com/store/about-us/21750880.html |
| 40 | tlpn | https://www.dhgate.com/store/about-us/21818375.html |
| 41 | ujch | https://www.dhgate.com/store/about-us/21819311.html |
| 42 | wedswty998 | https://www.dhgate.com/store/about-us/21815240.html |
| 43 | xklv | https://www.dhgate.com/store/about-us/21819091.html |
| 44 | yani3 | https://www.dhgate.com/store/about-us/21814887.html |
| 45 | Alon Stikalro | https://www.ebay.com/usr/alonstikalro |
| 46 | craziest_deals24 | https://www.ebay.com/usr/craziest_deals24 |
| 47 | ezbuydeals_1 | https://www.ebay.com/usr/ezbuydeals_1 |
| 48 | kaishengchen-1 | https://www.ebay.com/usr/kaishengchen-1 |
| 49 | kome0-16 | https://www.ebay.com/usr/kome016 |
| 52 | olgaaka | https://www.ebay.com/usr/olgaaka |
| 53 | panda_sh0p | https://www.ebay.com/usr/panda_sh0p/ |
| 54 | rotgo_56 | https://www.ebay.com/usr/rotgo_56 |
| 56 | FreddieArtGallery | https://www.etsy.com/in-en/shop/FreddieArtGallery |
| 57 | MagicMixMarket | https://www.etsy.com/in-en/shop/MagicMixMarket |
| 58 | TheRackeet | https://www.etsy.com/in-en/shop/TheRackeet |
| 61 | FSTNICETED | https://us.shein.com/store/home?store_code=4968772678 |
| 63 | YEDSWWQAS | https://us.shein.com/store/home?store_code=6763100391 |
| 64 | yongyouwopinshishangmtian | https://us.shein.com/store/home?store_code=1760681732 |
| 65 | HHMG | https://www.temu.com/hhmg-m-634418216810540.html |
| 66 | HHMG ONEshop | https://www.temu.com/hhmg--m-634418217152683.html |
| 67 | Realsin | https://www.temu.com/realsin-m-634418215357650.html |
| 68 | Red Mansion Shop | https://www.temu.com/red-mansion-shop-m-634418216356404.html |
| 71 | TJ surpassing | https://www.temu.com/tj--m-634418213450826.html |
| 72 | ushophoues | https://www.temu.com/ushophoues-m-634418217731572.html |
| 73 | YueElite | https://www.temu.com/yueelite-m-634418216998461.html |
| 74 | Batte Forte | https://www.walmart.com/global/seller/102528709 |

| DOE | Defendant Seller Name | Defendant Marketplace |
|-----|------------------------|------------------------|
| 76 | chengyishangmao | https://www.walmart.com/reviews/seller/102521660 |
| 79 | ERUWIQUIEEQIOWRU | https://www.walmart.com/global/seller/101645284 |
| 81 | Fire Boom | https://www.walmart.com/global/seller/102489569 |
| 82 | foshanshijiahouyushangmao | https://www.walmart.com/reviews/seller/102486404 |
| 85 | Hilehuti | https://www.walmart.com/global/seller/101570562 |
| 87 | kangyixingdianzi | https://www.walmart.com/reviews/seller/101632086 |
| 88 | KUASDU | https://www.walmart.com/global/seller/101651414 |
| 90 | KUOZHUOW | https://www.walmart.com/reviews/seller/102513085 |
| 92 | liupengmaoyi | https://www.walmart.com/global/seller/102496918 |
| 93 | mailuoqiye | https://www.walmart.com/global/seller/102628997 |
| 94 | Malibure | https://www.walmart.com/global/seller/101574073 |
| 99 | shenzhen zhenfengshangmao you xian gong si | https://www.walmart.com/global/seller/101692559 |
| 102 | Shuzhi Small Shop | https://www.walmart.com/global/seller/102514418 |
| 103 | Springxwear | https://www.walmart.com/global/seller/102542629 |
| 107 | XIANFENG GROUP | https://www.walmart.com/global/seller/101680904 |
| 108 | XIYUNO | https://www.walmart.com/global/seller/102484224 |
| 109 | Yijieelectronic | https://www.walmart.com/global/seller/101593777 |
| 110 | Yzjmsha | https://www.walmart.com/reviews/seller/102584959 |
| 111 | Zynic | https://www.walmart.com/global/seller/101567270 |